IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DASHAWN CARTER, | No. 9:07-cv-00976-JKS |
| Petitioner, | |
| vs. | ORDER<br>[Re: Motion at Docket No. 33] |
| T. POOLE, | |
| Respondent. | |

At Docket No. 33, Petitioner Dashawn Carter, appearing *pro se*, has filed a document styled "Motion to Recall Mandate, Rehearing and Reinstatement of Habeas Corpus Action." The record reflects that this Court denied Carter's Petition for Writ of Habeas Corpus and also denied a certificate of appealability on June 8, 2010. Docket Nos. 18, 19. Carter appealed this Court's denial, Docket No. 29, and the Second Circuit Court of Appeals declined to issue a certificate of appealability on August 7, 2013, Docket No. 31. Carter now moves to recall the mandate issued by the Second Circuit on October 18, 2013, which terminated his appeal. Docket No. 32.

According to Carter, this Court should vacate the Second Circuit's mandate and amend its prior opinion due to changes in governing state law on depraved indifferent murder that impacts the viability of his claims that have already been raised and rejected. This Court, however, is without authority to recall a mandate issued by a federal court of appeal, which are the only courts "recognized to have an inherent power to recall their mandates." *See Calderson v. Thompson*, 523 U.S. 538, 549 (1998). Moreover, to the extent that Carter wishes to argue that

changes in case law retroactively undermine his conviction, he must file a *new* Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.

The Court cautions Carter, however, that the ability to proceed on a second or successive habeas petition is limited, and a petitioner must obtain approval from the Second Circuit Court of Appeals before filing such petition in this Court.  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "greatly restricts the power of federal courts to award relief to state prisoners who file second or successive habeas corpus applications."  *Tyler v. Cain*, 533 U.S. 656, 661 (2001).  AEDPA "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court."  *Felker v. Turpin*, 518 U.S. 651, 657 (1996); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998).  Specifically, the AEDPA amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> (1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless –
>
>> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>>
>> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [¶] (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(1)-(3)(A); *see also* Rule 9 of the Rules Governing § 2254 Cases in the United States District Courts.

Second or successive habeas petitions filed in the district court without an authorizing order from the court of appeals shall be dismissed. *See* 28 U.S.C. § 2244(b); *see also Burton v. Stewart*, 549 U.S. 147, 153 (2007) (where petitioner neither sought nor received authorization from Court of Appeals before filing second or successive petition, district court should have dismissed petition for lack of jurisdiction). Accordingly, if Mr. Carter chooses to pursue the arguments raised in his memorandum of law at Docket No. 33-1, he should do so by first obtaining permission in the Second Circuit Court of Appeals to file a second or successive habeas petition in this Court.

**IT IS ORDERED THAT** the Motion to Recall Mandate, Rehearing, and Reinstatement of Habeas Corpus Action at Docket No. 33 is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003))). Any further request for a Certificate of Appealability must be addressed to the Court of Appeals. FED. R. APP. P. 22(b); 2d CIR. R. 22.

**IT IS FURTHER ORDERED THAT** the Clerk of Court is respectfully directed to send Mr. Carter a copy of the Second Circuit's form Motion for An Order Authorizing the District Court to Consider a Successive or Second Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. §§ 2244(b), 2254 by a Prisoner in State Custody.

Dated: September 9, 2020.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States Senior District Judge
